THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR DIMAIO,

        PLAINTIFF,        CASE NO.:
vs.                                COMPLAINT FOR
                                        DECLARATORY RELIEF

DEMOCRATIC NATIONAL COMMITTEE
AND FLORIDA DEMOCRATIC PARTY,

        DEFENDANTS.
_____/

**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 1331,1343 and 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the real and immediate harm faced by the Plaintiff is threatened in this judicial district.

3. Defendant, Democratic National Committee (hereinafter National Party) is the official representative entity of the Democratic Party, and is responsible for, among other things, promulgating delegate selection rules for the 2008 Democratic National Convention.

4. Defendant, Florida Democratic Party (hereinafter State Party) is the official representative entity of the Democratic Party in the state of Florida, and is responsible for, among other things, ensuring compliance with the rules of the

National Party regarding the delegate selection process for the 2008 Democratic National Convention.

5. Plaintiff is an adult citizen of Hillsborough County, Florida, a registered voter, and has selected the Democratic Party as the political party with whom he chooses to be affiliated

6. Rules of the National Party provide that no state presidential preference primary election may be held prior to the first Tuesday in February or after the second Tuesday in June, in the calendar year of the national convention, except for the states of New Hampshire, Iowa, Nevada, and South Carolina. Attached hereto is a copy of said rules, marked exhibit "A" and made a part hereof by reference.

7. The aforesaid rules further provide that the National Party may impose sanctions for violations by a state of these rules, including the reduction or elimination of the number of delegates to the national convention.

8. In 2007, the State of Florida, enacted a law (now titled F.S. 103.101), which provided for, among other things, that " Each political party other than a minor political party shall, on the last Tuesday in January in each year the number of which is a multiple of 4, elect one person to be the candidate for nomination of such party for President of the United States or select delegates to the national nominating convention, as provided by party rule"

9. On or about August 25, 2008, the Defendant's national committee members voted not to allow Florida to seat delegates at the national convention, because

        of the enactment of the law moving Florida's primary to a date which violates the national rules, unless within 30 days the State Democratic Party moves its contest back at least seven days from the current Jan. 29, 2008 date.

10. Plaintiff posits that by imposing sanctions of refusing to recognize the results of Florida's primary election, pursuant to Florida Statute 103.101, and by refusing to seat the Florida delegation so elected, the Defendant may be violating his rights under Article II and the 14th Amendment of the United States Constitution.

11. Plaintiff further posits the State Party has an obligation to its members in the state of Florida, to ensure that its members are represented at the national convention and are allowed to participate in selecting the Democratic nominee for president

12. While the Defendant, National Party, is a private organization, and may, speaking through their rules, choose to define their associational rights by limiting who can participate in any binding process leading to the selection of their delegates to their National Convention, they may or may not refuse to seat delegates who are members of their party and were elected according to their rules, because the state in which the electors of the delegates resided, scheduled its primary election earlier than as provided for in the National Party's rules.

13. The rules of the National Party provide that a state party may be required by a vote of the DNC Executive Committee upon recommendation of the DNC

      Rules and Bylaws Committee to adopt and implement an alternative Party-run delegate selection system which does not conflict with their rules. These rules may or may not violate the Plaintiff's right to vote in a Presidential primary election as provided for in the laws of the state where he resides.

14. If the decision of the National Party violates the Plaintiff's constitutional rights, it would be appropriate for this court to make such a finding.

15. If the decision of the National Party does not violate the Plaintiff's constitutional rights, it would be appropriate for this court to make such a finding and to further determine whether the National Party and State Party may implement an alternative Party-run delegate selection system which does not conflict with the National Party rules, without running afoul of the laws of the state of Florida.

Wherefore, the Plaintiff, Victor DiMaio, requests that this court assume jurisdiction and enter a declaratory judgment determining the rights and obligations of the parties herein.

                                        Respectfully Submitted,

                                        <u>s/Michael A. Steinberg</u>
                                        Michael A. Steinberg, Esquire
                                        Florida Bar No.: 340065
                                        1000 N. Ashley Drive, Suite 520
                                        Tampa, Florida 33602
                                        Telephone:   (813) 221-1300
                                        Facsimile:    (813) 221-1702
                                        Frosty28@aol.com
                                        Attorney for Plaintiff