UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Victor DiMaio, an individual          CASE NO: 8:07-CV-1552-T-26MAP

    Plaintiff,
v.

Democratic National Committee
And Florida Democratic Party

    Defendant,
_____/

## MOTION FOR SUMMARY JUDGEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW the Plaintiff, by and through his undersigned attorney, and files this his Motion for Summary Judgment and Memorandum of Law in support thereof, and says:

Victor DiMaio, through undersigned counsel, hereby moves the court pursuant to Federal Rule of Civil Procedure 56(b) to enter judgment for him on all claims in Plaintiff's complaint. As fully demonstrated below, and in the accompanying memorandum and exhibits, Plaintiff is entitled to a judgment as a matter of law.

Preliminary Statement:

This case pertains to the legality of threatened actions of a national political party to disallow participation of duly elected delegates from the State of Florida, to its national nominating convention, in selecting its nominee to be a candidate for President of the United States.

Florida Statute 103.101 explicitly provides that on the last Tuesday in January in each year, the number of which is a multiple of four, each party shall elect one person to

be the candidate for nomination of such party for President of the United States or select delegates to the national nominating convention, as provided by party rule. The statute does not provide for an alternate method for the state party branch of the national political party to select delegates.

The aforesaid statute further provides that the state executive committee of each party, by rule adopted at least 120 days prior to the presidential preference primary election, shall determine the number, and establish procedures to be followed in the selection of delegates and delegate alternates from each candidate's supporters. A copy of any rule adopted by the executive committee shall be filed with the Department of State within seven days after its adoption and shall become a public record. The Department of State shall review the procedures and shall notify the state executive committee of each political party of any ballot limitation. The Department of State may promulgate rules for the orderly conduct of the presidential preference primary ballot.

Rules of the National Party provide that no state presidential preference primary election may be held prior to the 1st Tuesday in February or after the 2nd Tuesday in June, in the calendar year of the national convention, except for the States of New Hampshire, Iowa, Nevada, and South Carolina. These rules further provide that the National Party may impose sanctions for violations by a state of these rules, including the reduction or elimination of the number of delegates to the national convention. In addition, the rules of the National Party provide that a state party may be required by a vote of the DNC Executive Committee, upon recommendation of the DNC rules and bylaws committee, to adopt and implement an alternate party-run delegate selection, which does not conflict

with their rules. The Plaintiff seeks a declaration as to the rights and obligation of the parties herein.

## STANDING

The Plaintiff contends that this court has standing to enter a declaratory judgment pursuant to 28 U.S.C. 2201, which provides in part, that "in a case of actual controversy within its jurisdiction... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other relations of any interested party seeking such declaration, whether or not, further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."  Article III section 2 of the United States Constitution grants jurisdiction to this court of cases arising under the United States Constitution.

Article III standing requires a party to show actual injury, a causal relation between that injury and the challenged conduct, and the likelihood that a favorable decision by the court will redress the alleged injury Lugan v. Defenders of Wildlife 504 U.S. 555, 560-61 (1992.)

When government action or inaction is challenged by a party who is a target or object of that action, as in this case, "there is ordinarily little question that the action or inaction has caused him injury and that a judgment preventing or requiring the action will redress it" Lugan, 504 U.S. at 561.

In the case of Cousins v. Wigoda 419 U.S. 477 (1975), following a primary, Cousins brought a declaratory judgment action seeking a ruling that he was duly elected to the Democratic Nominating Convention in accordance with Illinois law and sought an injunction against Respondent to prohibit them from interfering or impeding the

functioning of the Petitioner a duly elected delegate. In that case, the District Court assumed jurisdiction.

In the case of Terry v. Adams 345 U.S. 461 (1953), Plaintiffs were Blacks who instituted an action against a political party in district court for declaratory and injunctive relief. The district court assumed jurisdiction and entered an order declaring Plaintiffs were legally entitled to vote in the party's primary election.

The Plaintiff herein has instituted an action against a political party asking the court to declare that he is legally entitled to vote on January 29, 2008 in the party's statewide presidential preference primary, and that the delegates elected on that date, are legally entitled to vote at the party's national nominating convention.

While the outcome of how the court should decide will be addressed below, it is clear that this court has jurisdiction, plaintiffs have standing, and that the issue is ripe.

**Is action by a national political party "governmental action" for purposes of enforcing Article II and Amendment 14 of the United States Constitution?**

In the case of Smith v. Allwright 321 U.S. 649 (1944), the Supreme Court of the United Stated declared that the right to vote in a primary election for the nomination of candidates, without discrimination by the state, like the right to vote in the general election, is a right secured by the constitution.

The Supreme Court held that a state is free to conduct her elections as she may deem wise, unless her actions are prohibited by the United States Constitution or in conflict with powers delegated to and exercised by the federal government.

The Respondents in that case contended that the Democratic Party of Texas was a voluntary organization with members banded together for the purpose of selecting

individuals of the group representing the common political beliefs as candidates in the general election. They further contended that as such a voluntary organization, the Democratic Party was free to select its own membership and limit to whites participation in the party primary. They finally argued that elections are political party affairs, handled by the party and not government officers.

The court examined whether the action of the party was state action or private action. It was determined that since primaries were conducted by the party under statutory authority, the party was an agency of the state insofar as it determined the participants in a primary election. The party took its character as a state agency from the duties imposed upon it by state statutes, and the duties did not become matters of private law, because they were performed by a political party.

Therefore, the Plaintiff posits that both the State Party and National Party are agents of the state insofar as they determine the participants in a primary election (as well as the general election), and must not violate the constitutional rights of the Plaintiff in performing their duties.

**Would an order declaring that the National party must accept the delegates selected by the voters of the State of Florida in the Presidential Preference Primary Election scheduled for January 29, 2008, violate the National party's constitutional rights?**

In <u>Democratic Party of U.S. v. Wisconsin</u> 450 U.S. 107 (1991), the court stated that "The question in this case is not whether Wisconsin may conduct an open primary election if it chooses to do so or whether the National Party may require Wisconsin to limit its primary election to publicly declared democrats. Rather, the question is whether, once Wisconsin has opened its democratic presidential preference primary to voters who

do not publicly declare their party affiliation, it may then bind the National Party to honor the binding primary results, even though those results were reached in a manner contrary to the National Party rules." In that case the court cited the case of <u>Cousins v. Wigoda</u> 419 U.S. 477, which stated that "the National Democratic Party and its adherents enjoy a constitutionally protected right of political association. The First Amendment freedom to gather and associate for the purpose of advancing shared beliefs is protected by the Fourteenth Amendment from infringement by any state. The freedom to associate for the common advancement of political beliefs necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only."

The Supreme Court in <u>Democratic Party of U.S. v. Wisconsin</u> went on to state "Here, the members of the National Party, speaking through their rules, choose to define their associational rights by limiting those who could participate in the process leading to the selection of delegates to their national convention. On several occasions this court has recognized that the inclusion of persons unaffiliated with the political party may seriously distort its collective decisions, thus imparting the party's essential functions, and that political party may accordingly protect themselves from intrusion by those with adverse political principals."

The case herein is different from both the <u>Smith</u> and the <u>Wisconsin</u> case. In this case, it is the National party rather than the State party which is engaging or threatening to engage in the conduct at issue. The discrimination is against all the voters of a state, rather than against persons due to race, gender, or national origin. The discrimination here, unlike <u>Wisconsin</u>, is not due to the ideology of the voter, but because the state

legislature of that state enacted a law to conduct its primary election, where democratic nominating convention delegates would be selected, on a date other than the date selected by the National Party.

The National Party rules permit the citizens of other states to conduct their primaries prior to February 5, 2007, to wit: Iowa, New Hampshire, South Carolina, and Nevada.

The question herein, is therefore, whether Article II of the Constitution implicitly gives states the rights to determine how delegates to the national nominating convention are elected and whether the National Party must accept those delegates, unless the state laws violate the party's right to free speech and political association.

The second question is whether the National Party must afford its members equal protection pursuant to the Fourteenth Amendment to the United States Constitution.

While unimaginable today, assuming arguendo, that this case took place in the 1940's and the National Party rules provided that only white delegates could participate in the national nominating convention, would the argument that the National Party had an absolute right to determine the manner in which the delegates to the national convention are chosen, be sustainable under the law?  If so, then this court should rule that regardless of Florida law, the National Party has the unfettered right to make rules as to how the nomination of its presidential candidate is selected. If not, then this court should determine whether the threatened actions of the National Party would violate the state's rights in determining the time and manner of its election of presidential electors and its citizen's Fourteenth Amendment rights to equal protection under the Constitution of the United States.

Lastly, this court must determine, if the National Party may exclude the delegates elected as a result of Florida's presidential preference primary on January 29, 2008, does the State party have the authority to adopt and implement an alternative party-run delegate selection system, without running afoul of the laws of the State of Florida. Florida statutes section 103.091 establishes the right and responsibilities of each political party of the state. Florida statutes section 100.051 states that the Supervisor of Elections of each county shall print on ballots...the names of candidates who have been nominated by a political party.

The action of the National Party and the State Party, for ballot placement purposes, is as an agent for the state, and must not violate the rights and privileges of citizens of the United States.

The Plaintiff is asking this court to determine whether it is unlawful for the State party to select delegates, other than as set forth in the Florida statutes. If by agreement with the National Party, the State party attempts to do so, would that violation of state law preclude the Democratic Party from placing the name of its candidate, nominated at the Democratic Nominating Convention, on the state ballot in the general election? If so, it is of great importance that this court enters a declaratory judgment, well prior to the anticipated January 29, 2008 presidential preference primary election in Florida, to determine the rights and obligations of the parties herein.

## CONCLUSION

Plaintiff posits that there are no material facts in dispute and that a ruling in this case can be made as a matter of law. The Plaintiff requests that this court find that it has jurisdiction and authority to enter a declaratory judgment to determine the rights and

responsibilities of the parties herein and that the issues are ripe. The Plaintiff further requests that this court enter a declaratory judgment determining whether the National party must accept and seat delegates elected by the State of Florida at its Presidential preference primary scheduled for January 29, 2008, regardless of National party rules and decisions to the contrary.

Respectfully Submitted,

s/ Michael A. Steinberg
Michael A. Steinberg, Esquire
1000 N. Ashley Drive Suite 520
Tampa, Florida 33602
Telephone #: (813) 221-1300
Facsimile  #: (813) 221-1702
Frosty28@aol.com
Attorney for the Plaintiff
Florida Bar No:  340065

CERTIFICATE OF SERVICE

I HEREBY CERTIFY I hereby certify that I have sent a copy of the foregoing to the following: Democratic National Committee c/o Howard Dean, Chairman 430 S Capital Street S.E. Washington D.C. 20003 and Florida Democratic Party c/o Karen Thurman, Chairperson 241 South Bronough Street Tallahassee, FL 32301 on the 5th day of September, 2007.

s/ Michael A. Steinberg
Michael A. Steinberg, Esquire
1000 N. Ashley Drive Suite 520
Tampa, Florida 33602
Telephone #: (813) 221-1300
Facsimile  #: (813) 221-1702
Frosty28@aol.com
Attorney for the Plaintiff
Florida Bar No:  340065