UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR DIMAIO,

    Plaintiff,

v.                                                    CASE NO: 8:07-cv-1552-T-26MAP

DEMOCRATIC NATIONAL
COMMITTEE and FLORIDA
DEMOCRATIC PARTY,

    Defendants.
_____/

**O R D E R**

    The Court has for its consideration Plaintiff's motion for summary judgment and incorporated supporting memorandum of law. After review, the Court concludes that the motion is due to be denied for two reasons: the Court lacks personal jurisdiction over Defendants and, assuming the existence of such jurisdiction, the motion is premature.

    Plaintiff filed his complaint against Defendants on August 30, 2007, requesting a declaratory judgment under 28 U.S.C. § 2201. He specifically seeks a judgment declaring that the recently announced policy of Defendant Democratic National Committee not to seat delegates elected by voters of the State of Florida at the next Democratic national convention violates his rights under Article II and the Fourteenth Amendment of the United States Constitution. Although the clerk issued Plaintiff

summons to be served on Defendants the same day as the filing of the complaint, a review of the court file does not reflect service of process on either Defendant.

Plaintiff, less than 20 days after he commenced this action, now moves for summary judgment under the auspices of Rule 56(b) of the Federal Rules of Civil Procedure.[1]  He has forwarded copies of the motion through the United States mail service to each Defendant in care of their respective chairpersons.  Plaintiff's motion, as stated, is due to be summarily denied for two basic reasons.

First, until such time as Plaintiff effects service of process on each Defendant, this Court is without personal jurisdiction over them.  As the United States Supreme Court has observed, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987).  Mere notice to a defendant is insufficient to satisfy the requirement of service of process and to bestow personal jurisdiction over that defendant.  Id.; accord Prewitt Enter., Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 924-25 (11th Cir. 2003).  Consequently, these Defendants are not obliged to engage in this litigation until such time as they are notified of this action by formal process brought under this Court's authority.  See Murphy Bros., Inc. v. Michetti Pipe Stringling, Inc., 526 U.S. 344, 347, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999); accord Prewitt, 353 F.3d at 925.

---

[1]  Because Plaintiff is a party seeking to obtain a declaratory judgment, the proper rule designation should be Rule 56(a).

Second, even assuming proper service of process on Defendants, Plaintiff's motion is premature. Rule 56(a) of the Federal Rules of Civil Procedure unambiguously provides in pertinent part that "[a] party seeking . . . to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." In this case, Plaintiff filed his motion six days after commencement of the case in clear violation of the time constraints of the rule.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment (Dkt. 4) is **denied**.

**DONE AND ORDERED** at Tampa, Florida, on September 5, 2007.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record