UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRCT OF FLORIDA
TAMPA DIVISION

VICTOR DIMAIO,

        Case No.: 8:07CV1552-T26MAP

    Plaintiff,

vs.

DEMOCRATIC NATIONAL COMMITTEE
and FLORIDA DEMOCRATIC PARTY,

    Defendants.

---

**MOTION TO DISMISS OF
THE FLORIDA DEMOCRATIC PARTY**

    Defendant, FLORIDA DEMOCRATIC PARTY, moves to dismiss the complaint filed by the Plaintiff, VICTOR DIMAIO, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, in that the Plaintiff lacks standing to seek a declaratory judgment, and pursuant to Rule 12(b)(6), in that the complaint fails to state a claim on which relief can be granted.

**MEMORANDUM OF LAW**

    A.    **The Plaintiff Lacks Standing.**

    Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims. *Dillard v. Baldwin County Comm'rs*, 225 F.3d 1271, 1275 (11th Cir.2000) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *Florida Ass'n of Med. Equip. Dealers v. Apfel*, 194 F.3d 1227, 1230 (11th Cir.1999); and *EF Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 983 (11th Cir.1990)).

In the absence of standing, this court is not free to opine in an advisory capacity about the merits of a plaintiff's claims. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Midrash Sephardi, Inc. v. Town of Surfside,* 366 F.3d 1214, 1223 (11th Cir.2004) (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). "It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution'...." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994)). Standing is a doctrine that "stems directly from Article III's 'case or controversy' requirement," and thus it "implicates our subject matter jurisdiction." *Nat'l Parks Conservation Ass'n v. Norton,* 324 F.3d 1229, 1242 (11th Cir.2003) (citing *Vermont Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 771, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000)). In fact, standing is "perhaps the most important" jurisdictional doctrine, *Bischoff v. Osceola County,* 222 F.3d 874, 877-78 (11th Cir.2000) (quoting *United States v. Hays,* 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (quoting *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 230-31, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990)).

"To satisfy the constitutional requirements of standing, a plaintiff must make three showings: First, the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical." ' Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be 'fairly

... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Dillard,* 225 F.3d at 1275 (quoting *Defenders of Wildlife,* 504 U.S. at 560-61, 112 S.Ct. 2130 (alterations in original) (internal citations and footnote omitted)); *see also Nat'l Parks Conservation Ass'n,* 324 F.3d at 1241; *Bischoff,* 222 F.3d at 883.

Plaintiff has failed to establish injury in fact from any action taken by Defendant FLORIDA DEMOCRATIC PARTY. While Plaintiff alleges that he has elected to affiliate himself with the Democratic Party (Complaint ¶ 5), he also alleges that Defendant FLORIDA DEMOCRATIC PARTY has an obligation to ensure compliance with rules of the Defendant DEMOCRATIC NATIONAL COMMITTEE (Complaint ¶ 4); and that the DEFENDANT DEMOCRATIC NATIONAL COMMITTEE is a private association that may choose to define their associational rights by limiting who can participate in any delegate selection process (Complaint ¶ 12). Moreover, Plaintiff's allegations are mere speculation as to whether his constitutional rights have been violated (Complaint ¶ 10).

### B. The Complaint Fails to State a Claim on which Relief can be Granted.

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.1988). Further, the court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir.1996). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." *Bowers v. Hardwick,* 478 U.S. 186, 201-02, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986) (Blackmun, J., dissenting) (quotations omitted); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997).

However, while a complaint does not need detailed factual allegations, a plaintiff must provide the grounds of his entitlement to relief beyond labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twonbly,* -- US --, 127 S. Ct. 1955, 1964-65 (2007). To survive a Rule 12(b)(6) motion, a complaint must do more than state a speculative right to relief on an assumption that all the allegations in the complaint are true. *Id.* at 1965. In practice, this standard requires the complaint to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory. *Id.* at 1969.

Plaintiff alleges a violation of his rights under Article II and the Fourteenth Amendment of the United States Constitution (Complaint ¶ 10). Article II directs state legislatures to determine the manner in which electors for the offices of President and Vice President shall be appointed and provides the manner in which those electors shall perform their duties; Article II does not, however, confer any type of actionable right upon an individual voter. In addition, the Fourteenth Amendment provides no basis for

4

relief, because Defendant FLORIDA DEMOCRATIC PARTY is a private actor and thus not subject to an action brought under the Fourteenth Amendment. Plaintiff invokes 28 U.S.C. § 1343 in support of this allegation, but this Court has previously held that the Fourteenth Amendment "is not a basis for jurisdiction in a claim against a private actor under either § 1331 or § 1343 . . . . The Fourteenth Amendment is restricted solely to wrongs committed by the State or on behalf of the State by its agents." *Harris v. McDonald's Corp.*, 901 F. Supp. 1552, 1557 (M.D. Fla. 1995). These allegations do not provide grounds for relief.

Further, Plaintiff's Complaint seeks a determination of the relative duties and responsibilities between and among the Defendant FLORIDA DEMOCRATIC PARTY and the Defendant DEMOCRATIC NATIONAL COMMITTEE. He poses a series of questions and invites the court to answer them without alleging that any federal constitutional or statutory right of his has been violated. It is apparent that Plaintiff is seeking an advisory opinion from this Court; however, "federal courts established pursuant to Article III . . . do not render advisory opinion . . . . This is as true of declaratory judgments as any other field." *Golden v. Zwicker,* 394 U.S. 103, 108 (1969) (quoting *United Public Workers of America v. Mitchell,* 330 U.S. 75, 89 (1947)).

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), in that Plaintiff lacks standing to seek a declaratory judgment, and Rule 12(b)(6), in that the complaint fails to state a claim on which relief can be granted.

Dated: September 25, 2007

Respectfully submitted,

/s/ *Sean M. Shaw, Esq.*
Sean M. Shaw, Esq.
Florida Bar No.: 0690988
E-mail: sshaw@lawfla.com
MESSER, CAPARELLO & SELF, P.A.
P.O. Box 15579
Tallahassee, Florida 32317
Telephone: (850) 222-0720
Facsimile: (850) 224-4359

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2007, a true and correct copy of the Motion to Dismiss and Memorandum of Law in support thereof was filed in the United States District Court for the Middle District of Florida via the CM/ECF System and a copy served upon counsel for Plaintiff, Michael A. Steinberg, Esquire, 1000 North Ashley Drive, Suite 520, Tampa, FL 33602, and upon counsel for Defendant Democratic National Committee, Charles F. Ketchey, Jr., Akerman Senterfitt, 401 East Jackson Street, Suite 1700, Tampa, FL 33602-5803. I further certify that a copy of the foregoing document and the notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participants: Joseph E. Sandler, Sandler, Reiff & Young, P.C., 50 E Street, S.E. #300, Washington, D.C. 20003; and Amanda S. LaForge, Chief Counsel, Democratic National Committee, 430 S. Capitol Street, S.E., Washington, D.C. 20003.

/s/ *Sean M. Shaw, Esq.*
Sean M. Shaw, Esq.