## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VICTOR DIMAIO,

        Plaintiff,

v.                                        CASE NO: 8:07-cv-1552-T-26MAP

DEMOCRATIC NATIONAL
COMMITTEE,

        Defendant.

_____/

## O R D E R

On March 21, 2008, the Eleventh Circuit Court of Appeals issued a published opinion affirming this Court's dismissal of Plaintiff's complaint for lack of standing, vacating its alternative holdings of dismissal with prejudice on the merits, and remanding with specific instructions to amend the judgment to reflect that dismissal was without prejudice.  See ___ F.3d ___, 2008 WL 744430, at *4 (11th Cir. 2008).  As of today, the Eleventh Circuit has yet to issue its mandate pursuant to Rule 41 of the Federal Rules of Appellate Procedure.  Consequently, this Court lacks jurisdiction to proceed in this case. See Commissioner of Internal Revenue v. Gill, 306 F.2d 902, 905 (5th Cir. 1962) (observing that "[i]n the absence of any action by the Supreme Court, a Court of Appeals retains jurisdiction, and none is relinquished to the district court, until a mandate or

judgment is issued.") (citations omitted);[1] see also United States v. Young, 2008 WL 583810, at *1 (11th Cir. March 5, 2008) (commenting that a "district court re-acquires jurisdiction over the case once a mandate remanding the case to the district court issues.") (citation omitted).

Even though the Eleventh Circuit has yet to issue its mandate in conformity with its recently issued opinion in this case, Plaintiff has nevertheless filed a motion requesting this Court to enter a judgment dismissing his complaint without prejudice and allowing him to file an amended complaint, which he has attached to the motion.[2]  In light of the Eleventh Circuit precedent just cited, this Court has no jurisdiction to consider the motion.  Plaintiff can rest assured, however, that once the Eleventh Circuit issues its mandate, the Court will obey its terms.  See Young, 2008 WL 583810, at *1 (stating that once "the appeals court issues a specific mandate, the district court must obey: the mandate is not subject to interpretation.") (citation omitted).[3]

---

[1]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit announced prior to October 1, 1981.

[2]  See docket 25.

[3]  The Court notes that this is the second instance in this case in which Plaintiff has acted prematurely in seeking relief from the Court.  See docket 5 (denying motion for summary judgment because Plaintiff filed motion prematurely).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Order Dismissing Case Without Prejudice With Leave to Amend (Dkt. 25) is **denied without prejudice**.

**DONE AND ORDERED** at Tampa, Florida, on March 24, 2008.


_s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record