# United States Court of Appeals
For the Eleventh Circuit

No. 07-14816

District Court Docket No.
07-01552-CV-T-26-MAP

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Mar 21, 2008

THOMAS K. KAHN
CLERK

VICTOR DIMAIO,

    Plaintiff-Appellant,

versus

DEMOCRATIC NATIONAL COMMITTEE,
FLORIDA DEMOCRATIC PARTY,

    Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Middle District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered: March 21, 2008
For the Court: Thomas K. Kahn, Clerk
        By: Jackson, Jarvis

ISSUED AS MANDATE
APR 0 4 2008
U.S. COURT OF APPEALS
ATLANTA, GA

FILED
08 APR -7 AM 11:27
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-14816

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01552-CV-T-26-MAP

VICTOR DIMAIO,

Plaintiff-Appellant,

versus

DEMOCRATIC NATIONAL COMMITTEE,
FLORIDA DEMOCRATIC PARTY,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**(March 21, 2008)**

Before TJOFLAT and MARCUS, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

---

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

This appeal raises a number of interesting and potentially significant questions concerning the impact of the Equal Protection Clause on an individual's right to vote in a primary election, the extent of the Fourteenth Amendment's state action requirement, and the associational interests of national political parties. However, because the plaintiff Victor DiMaio undeniably lacks standing to bring this suit, we affirm the district court's determination that this case is nonjusticiable, construe the district court's dismissal of the case to be without prejudice and, therefore, dismiss the appeal without prejudice for lack of subject matter jurisdiction.

## I.

On August 30, 2007, DiMaio brought this Declaratory Judgment action, pursuant to 28 U.S.C. §§ 1331, 1343 and 2201, against the Democratic National Committee ("DNC") and the Florida Democratic Party ("FDP") (collectively "the Parties") in United States District Court for the Middle District of Florida, alleging that the DNC's announced refusal to seat Florida's Democratic delegation at its National Convention would violate his constitutional right to equal protection under the Fourteenth Amendment and his rights under Article II of the Constitution. On September 25, 2007, the Parties moved to dismiss DiMaio's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure, arguing both that DiMaio lacked standing to bring this action, and that the complaint failed on the merits for a variety of reasons. Soon thereafter, the district court granted the Parties' motions, concluding that "DiMaio wholly fail[ed] to satisfy the constitutional criteria for standing under Article III" because "[h]is complaint does not assert any actual or real controversy with the DNC or the FDP." But, even if DiMaio could somehow satisfy Article III's justiciability requirements, the district court also ruled on the merits that DiMaio had failed to state a claim both because the DNC and the FDP did not exercise any state action and the political parties have a constitutionally protected right to conduct and manage their own internal affairs. This timely appeal followed.

## II.

We review de novo basic questions concerning our subject matter jurisdiction, including standing. Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006). The party invoking federal jurisdiction bears the burden of proving the essential elements of standing, although "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice[.]" Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

It is by now axiomatic that "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" Valley

Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). And the Supreme Court has declared that the standing inquiry "is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan, 504 U.S. at 560. That a plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, does not relieve him of the burden of satisfying the prerequisites for standing, since "a declaratory judgment may only be issued in the case of an actual controversy." Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985) (quotation marks omitted).

Moreover, "[s]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (citation and quotation marks omitted). We have thus held that "[t]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." Elend, 471 F.3d at 1205-06 (internal quotation marks omitted). "It is not enough that 'the [plaintiff]'s complaint sets forth facts from which we could imagine an injury sufficient to satisfy Article III's standing requirements.'" Id. at 1206 (quoting Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n, 226 F.3d 1226, 1229 (11th Cir. 2000) (citations omitted)). Indeed, "we should not speculate

4

concerning the existence of standing . . . . If the plaintiff fails to meet its burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." Id. (citation omitted).

In Lujan, the Supreme Court held that a party seeking to invoke the subject matter jurisdiction of a federal court must satisfy three constitutional prerequisites of standing:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

504 U.S. at 560-61 (page numbers, quotation marks, citations, brackets, and ellipses omitted); see also Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward County, 450 F.3d 1295, 1304 (11th Cir. 2006) ("To demonstrate Article III standing, a plaintiff must show that the conduct of which he complains has caused him to suffer an injury in fact that a favorable judgment will redress.") (internal quotation marks omitted); Bischoff v. Osceola County, 222 F.3d 874, 883 (11th Cir. 2000).

In his complaint, DiMaio alleged that he is "an adult citizen of Hillsborough

5

County, Florida, a registered voter, and has selected the Democratic Party as the political party with whom he chooses to be affiliated." Compl. ¶ 5. He further alleged that the "[r]ules of the National Party provide that no state presidential preference primary election may be held prior to the first Tuesday in February or after the second Tuesday in June, in the calendar year of the national convention, except for the states of New Hampshire, Iowa, Nevada, and South Carolina." Compl. ¶ 6. DiMaio also claimed that according to the DNC's rules, "the Defendant's national committee members voted not to allow Florida to seat delegates at the national convention, because of the enactment of the law moving Florida's primary to a date which violates the national rules, unless within 30 days the State Democratic Party moves its contest back at least seven days from the current Jan. 29, 2008 date." Compl. ¶¶ 7, 9. DiMaio alleged precious little else.

This complaint undeniably fails the test for constitutional standing established in Lujan. Notably, DiMaio never alleged that he actually voted, nor even so much as suggested that he intended to vote in the Florida Democratic Primary. To the contrary, the complaint simply "posit[ed]" that the DNC "may be violating his rights under Article II and the 14th Amendment of the United States Constitution"; that enforcement of the DNC's delegate-stripping rules "may or may not violate [his] right to vote in a Presidential primary"; and that, "[i]f the decision

6

of the National Party violates [his] constitutional rights, it would be appropriate for this court to make such a finding." Compl. ¶¶ 10, 13, and 14 (emphases added). As if to underscore the conditional nature of his injury, he also alleged that "[i]f the decision of the National Party does not violate the Plaintiff's constitutional rights, it would be appropriate for this court to make such a finding . . . ." Compl. ¶ 15 (emphasis added).

These allegations, whether standing alone or in concert, do not plead that the plaintiff suffered an injury in fact, the invasion of a legally protected interest that is "concrete and particularized" -- the first prong of the Lujan test. As a practical matter, DiMaio's right to vote, protected by the Fourteenth Amendment, cannot be impaired by the DNC's failure to consider a ballot that he did not cast in the first place. Nor does DiMaio's complaint even come close to satisfying the third prong of the Lujan test, for if DiMaio has not voted, we are unable to redress any alleged violation of his constitutional rights. What we are left with is an exercise in purely advisory decision-making. In short, since DiMaio's complaint does not allege any actual or imminent injury, nor suggest in any way how that "injury" could be redressed by a favorable judgment, we are without jurisdiction to entertain the appeal.

DiMaio does not even suggest that his complaint satisfies the requirements

7

of Article III standing. Instead, he appears to say only that he should have been permitted to amend his complaint so as to allege that "the DNC in fact violated his equal protection rights." DiMaio's Br., at 16. But DiMaio did not need permission to amend the complaint. The Parties never filed any responsive pleading in the case, and as a result, DiMaio was free to amend the complaint once, without leave, under Federal Rule of Civil Procedure 15(a)(1).

Moreover, we have held that "[a] district court is not required to grant a plaintiff leave to amend his complaint <u>sua sponte</u> when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." <u>Wagner v. Daewoo Heavy Indus. American Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Here, DiMaio never moved to amend his complaint, nor did he seek leave to amend before the district court. Indeed, as we observed in <u>United States ex el. Atkins v. McInteer</u>, 470 F.3d 1350, 1361 & n.22 (11th Cir. 2006), a plaintiff may seek to amend his complaint pursuant to Federal Rules of Civil Procedure 15(a)(2), 59(e), <u>or</u> 60(b)(6) -- yet DiMaio has pursued none of these avenues. Nor has DiMaio indicated, even on appeal to this Court, what precisely his amended complaint would reveal. See <u>McInteer</u>, 470 F.3d at 1362 (a plaintiff "should not be allowed to amend [his] complaint without showing how the complaint could be amended to save the

8

meritless claim") (citation omitted). Not surprisingly, we are reluctant to speculate. And, indeed, if DiMaio were to file a new complaint, he might consider the issues presented in the cases of <u>Democratic Party of U.S. v. Wisconsin ex rel. La Follette</u>, 450 U.S. 107 (1981), and <u>Cousins v. Wigoda</u>, 419 U.S. 477 (1975).

Accordingly, we AFFIRM the dismissal of DiMaio's complaint for lack of standing. However, this dismissal is necessarily without prejudice. <u>See</u> <u>Boda v. United States</u>, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on <u>only</u> the jurisdictional grounds. This dismissal is without prejudice.") (emphasis added). The district court was without jurisdiction to consider the more interesting and substantive questions presented by the case. Therefore, we VACATE the district court's alternative holdings which purport to reach the merits of DiMaio's complaint, and REMAND with instructions that the district court reenter its judgment accordingly.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

9

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia